Sherene SHELBY, Plaintiff,

v.

CITY OF ATLANTA, et al., Defendants.

Civ. A. No. C83–230A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 31, 1984.

Judy M. Chidester, Saia, Chidester & McElroy, Peachtree City, Ga., for plaintiff.

Marva Jones Brooks, W. Roy Mays, III, and Jeff S. Klein, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff has brought this action to redress alleged constitutional violations by defendants. Presently pending before the court in this action is defendants' motion for summary judgment. Federal jurisdiction is pursuant to 28 U.S.C. § 1343(3). For the reasons stated herein defendants' motion is GRANTED.

## FACTS

The incident which forms the basis of this lawsuit occurred on April 20, 1982, at the Salvation Army's Luckie Street Center. Sherene Shelby, the plaintiff, was an employee of the Salvation Army. Her duties included supervising the activities of those persons using the Luckie Street Center. Kimberly Williams was one of the people who had come to the Luckie Street Center in order to use the overnight accommodations.

As the result of an alleged infraction of the Center's rules and regulations the plaintiff informed Ms. Williams that she could no longer use the facilities. Plaintiff also informed Ms. Williams that it would be necessary for her to immediately remove herself and her belongings from the premises. A short time thereafter plaintiff arrived at the room assigned to Ms. Williams in order to monitor her progress. Upon arrival she noticed another infraction of the rules. This resulted in a heated verbal exchange between the women which quickly escalated into a physical confrontation.

Several minutes after the start of the physical confrontation some of the plaintiff's co-workers arrived in the room. After a few minutes the two women were separated. The Atlanta Bureau of Police Services was contacted regarding these events and requested to render assistance.

The first officer to arrive was T.M. Steele. The accounts given by Officer Steele and the plaintiff as to what transpired next vary somewhat. According to Officer Steele upon arrival he first encountered Ms. Williams who was visably pregnant. She appeared bruised and disheveled and complained about severe pains in the abdomen. She informed Officer Steele that she had just been the victim of an assault and battery. She identified her assailants as the staff of the Center.

After summoning an ambulance Officer Steele entered the Center and was initially denied access to plaintiff. He was finally admitted to see plaintiff, at which point he discovered that she was also bruised and somewhat disheveled. Officer Steele spoke with several employees of the Center and determined that none of them had witnessed the initial confrontation. He states that he then offered to mediate between the two women. According to Officer Steele plaintiff continued to insist upon Ms.

William's arrest. At this point Officer Steele charged both women with disorderly conduct for fighting.[1]

Plaintiff contends that when Officer Steele arrived he was advised by several people present during the assault that plaintiff and her co-workers had been the victims of the assault. Plaintiff told Officer Steele that she wished to press charges against Ms. Williams and according to plaintiff the officer was very rude and bullying ("He said that, 'He was asking the questions, and he was running the show.'" Plaintiff's Depo., p. 48). After asking for plaintiff's identification card (and keeping it) plaintiff alleges that Officer Steele ushered her into his car, locked her in and took her to the police station.

There is no dispute over the fact that plaintiff was arrested on a disorderly conduct charge. On February 7, 1983, plaintiff filed the present suit naming as defendants the City of Atlanta and the City of Atlanta Police Department. Plaintiff contends that her arrest was without probable cause and that as such it violated her constitutional rights (specifically, rights secured by the Fourth and Fourteenth Amendments to the United States Constitution). Plaintiff attempts to invoke the doctrine of pendant jurisdiction to have this court try her second cause of action, a state law claim for malicious prosecution. Defendants have now moved for summary judgment of the case. Further facts will be disclosed as necessary for the discussion of this motion.

## DISCUSSION

### I. Defendant City of Atlanta Police Department

Plaintiff cannot state a claim against the City of Atlanta Police Department because the Department is not a proper party defendant. The Department is an integral part of the City of Atlanta

government and is merely the vehicle through which the City government fulfills its policing functions. For this reason the Department is not an entity subject to suit and plaintiff's claim against it is hereby dismissed. See Babb v. Parker C82–941A (N.D.Ga., filed June 23, 1982); Ragusa v. Streator Police Dep't, 530 F.Supp. 814 (N.D.Ill.1981); State of Mo. Ex Rel. Gore v. Wochner, 475 F.Supp. 274 (E.D.Mo.1979); Simon v. St. Louis City Police Dep't, 14 F.E.P. 1363 (E.D.Mo.1977).

### II. Defendant City of Atlanta

It is well settled law that a municipality, such as the City of Atlanta, cannot be held liable under 42 U.S.C. § 1983 absent a showing that the alleged deprivation of rights was the result of a custom, pattern or practice of the municipality. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the present case plaintiff is complaining of an arrest made without probable cause (Plaintiff's Complaint, paragraph # 10).[2] Plaintiff has not alleged, nor made any showing of, a departmental custom to arrest without probable cause. Assuming, only for the sake of argument, that Officer Steele did arrest plaintiff without probable cause, such fact would be relevant to the officers individual liability but not to the City's liability (absent a showing of custom, practice, etc.). Dominquez v. Beame, 603 F.2d 337 (2nd Cir.1979). For this reason the court dismisses plaintiff's claim against the City of Atlanta for failure to state a claim upon which relief can be granted.[3]

In summary this court

1) DISMISSES plaintiff's claim against the City of Atlanta Police Department; and

1. Officer Steele actually left a copy of the charges against Ms. Williams with the Bureau of Corrections Personnel at Grady Hospital as Ms. Williams was hospitalized.

2. It appears self evident that if instead plaintiff is complaining of an arrest made with probable

cause, plaintiff has suffered no constitutional deprivation.

3. Although styled as a motion for summary judgment, defendants' motion has been treated by this court as a motion for dismissal.

2) DISMISSES plaintiff's claim against the City of Atlanta.

This action by the court hereby terminates this case. Having dismissed plaintiff's federal claims the court refuses to retain pendant jurisdiction of plaintiff's state law claims.