**Edith Blanchard EDDY, individually and as personal representative of the Estate of Allan Blanchard, Althea Eddy, Linton Eddy, Jr., Gilbert Eddy, Egbert Blanchard and Leopold Jallim, Plaintiffs,**

v.

**The CITY OF MIAMI, a municipal corporation, and political subdivision of the State of Florida, and its Mayor Xavier Suarez, City of Miami Police Department, an agency of the City of Miami, and its Chief Perry Anderson, William Lozano, individually and as agent, and employee of the City of Miami Police Department, Defendants.**

No. 89–300–Civ–EPS.

United States District Court,
S.D. Florida.
May 16, 1989.

Mark Rubin, Miami, Fla., for plaintiffs.

Ronald J. Cohen, Hollywood, Fla., Leon Firtel, Asst. City Atty., Miami, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and/or to Strike. Defendant LOZANO did not join in this Motion to Dismiss. Defendants have moved for dismissal on several grounds.

### BACKGROUND

Plaintiffs allege civil rights violations under 42 U.S.C. §§ 1983 and 1988, various Amendments to the Constitution of the United States are cited without substantiation, and a claim is made under the Florida Wrongful Death Act, § 768.28, Florida Statutes.

The claims arise from a tragic event that occured on January 16, 1989. On that date, in the late afternoon, Officer William Lozano ("LOZANO"), while on duty, shot and killed the operator of a moving motorcycle on which Allan Blanchard ("BLANCHARD") was a passenger. BLANCHARD died of injuries incurred in the ensuing crash.

The only allegation specific to Mayor Xavier Suarez ("SUAREZ") is that he had authority as Mayor to appoint the Chief of Police. It is alleged that the City of Miami Police Department ("MPD") "has practiced a policy and custom of violating individual civil rights." Other allegations as to MPD are extended to include the City of Miami ("MIAMI"). The only allegations that pertain specifically to Chief Perry Anderson ("ANDERSON") are made in common with part of the allegations against MPD in Paragraph 6 of the Complaint, as follows:

Defendant MIAMI POLICE and Chief ANDERSON have breached their duty to hire respectable police officers; train subordinates and establish departmental procedure that would provide protection for Constitutional Rights; and breach their duty of supervision to correct this misconduct of which the department and the Chief has notice; resulting in the deprivation of BLANCHARD's life.

The other allegations against MPD, and imputed to MIAMI, recite a series of incidents styled as a "ten year record of police brutality." It is further alleged that LOZANO was "trained [by those incidents] either explicitly or implicitly" and specifically "admonished ... to 'be more aggressive in self-initiated activity.'" The allegations against LOZANO include the murder of the two decedents, excessive force, unlawful use and discharge of a firearm, and reckless conduct. Plaintiffs also generally allege that "Defendants were under color of law and were wrongful, reckless and with callus [sic] indifference to the health, safety and civil rights of the deceased...."

## DISCUSSION

In ruling on a motion to dismiss for failure to state a claim on which relief can be granted, the Court must view the complaint in the light most favorable to Plaintiffs and all facts alleged must be accepted as true. *Radovich v. National Football League*, 352 U.S. 445, 448, 77 S.Ct. 390, 392, 1 L.Ed.2d 456 (1956). "[A] motion to dismiss for failure to state a claim on which relief can be granted should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover on any state of facts which could be proved in support of his claim." *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491, 494 (5th Cir.1976).[1] The *Reeves* Court went on to state that:

> [i]f, after a full development of the facts the plaintiff's cause is too weak to string the Constitution's bow or unsheath the sword provided for the redress of such grievances under [state] law, it may be washed out on summary judgment ... or if it gets beyond that, by motion for directed verdict either at the end of the plaintiff's case, or at the close of the evidence, or by J.N.O.V. after verdict.

*Id.* Additionally, civil rights complaints are to be broadly and liberally construed. *Canty v. City of Richmond, Virginia*, 383 F.Supp. 1396 (D.C.Va.1974).

In the case *sub judice*, Defendants must establish that there is no set of facts that will support the allegations that they acted under color of state law and deprived Plaintiffs of a right secured by the Constitution of the United States and the laws of the United States. However, at the same time, claims arising under the federal civil rights statutes must be stated with greater particularity than is generally required so that frivolous civil rights claims may be weeded out. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984).

### A. Failure to state a claim against MIAMI in Count I

Defendants first assert that Count I fails to state a claim upon which relief can be granted against the Defendant MIAMI. Count I alleges a claim for deprivation of civil rights under 42 U.S.C. § 1983. The Count alleges policies of police brutality and negligent hiring, training and supervision.

A municipality cannot be sued under § 1983 on the theory of *respondeat superior;* however, it may be sued for constitutional deprivations visited pursuant to a governmental custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Plaintiffs have alleged such custom and recited a "ten year history" in support thereof. Additionally, they have alleged various failures in training and supervision.

A municipality's continuing failure to remedy known unconstitutional conduct of police officers is a type of informal policy or custom that is amenable to suit under this section. *Herrera v. Valentine*, 653 F.2d 1220 (8th Cir.1981). Governmental fault for allowing such a custom of constitutional deprivation requires actual or constructive knowledge of its existence by responsible policymakers, and their failure, as a matter of specific intent or deliberate indifference to correct or stop the practices. *Spell v. McDaniel*, 824 F.2d

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1380, 1391 (4th Cir.1987). Additionally, "[a] police chief who persistently fails to discipline or control subordinates in the face of knowledge of their propensity for improper use of force thereby creates an official custom or *de facto* policy actionable under § 1983." *Skevolfilax* at 544.

■ Plaintiffs have alleged that MIAMI condoned MPD's policy and custom of violating individual civil rights by allowing MPD and ANDERSON to operate in violation of Title 42 U.S.C. § 1983. Although Plaintiffs do not allege that MIAMI had actual notice of the policy, the "ten year policy of brutality" delineated in Count I imputes MIAMI's constructive knowledge and the existence of such knowledge is a material issue of fact. Therefore, Count I does state a cause of action against MIAMI and ANDERSON.

### B. Whether the complaint fails to state a claim against SUAREZ and ANDERSON

■ Defendants claim that there are no allegations of personal involvement or direction by these Defendants in the subject incident nor are they otherwise alleged to have caused the incident or promulgated the policy. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior. Skevofilax v. Quigley,* 586 F.Supp. 532, 543 (D. New Jersey 1984). SUAREZ and ANDERSON may be liable only if a causal link between the alleged official policy or custom and plaintiffs' injuries is established. *Skevofilax* at 543, *citing Monell* 436 U.S. at 694 n. 58, 98 S.Ct. at 2037 n. 58.

■ Further, mere lack of care by a state official is not sufficient to state a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 334, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986). However, allegations of gross recklessness may be sufficient to make out such a claim. *Id.* at 334, n. 3, 106 S.Ct. at 666, n. 3. No construction of the allegations against SUAREZ could rise to the level of gross recklessness, even taking as true, as this Court must on a Motion to Dismiss, that SUAREZ had the authority to appoint the Chief of Police.

However, the specific allegations against ANDERSON, coupled with the general allegations of recklessness and callous indifference, are sufficient to withstand the motion to dismiss.

### C. Whether MPD is a person within the meaning of § 1983

■ Defendants claim that because MPD is a department of the Defendant, MIAMI, it is not a person in terms of § 1983, or Florida law, and therefore is not a proper party. Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit. *Vinson v. Richmond Police Dept.,* 567 F.2d 263 (4th Cir.1977); *Shelby v. City of Atlanta,* 578 F.Supp. 1368 (N.D.Ga.1984). Therefore, MPD is not a proper party in this litigation and must be dismissed.

### D. Whether Plaintiffs gave insufficient notice under Chapter 768.- 28(6)(a), Florida Statutes before filing suit

■ Defendants claim that Plaintiffs gave insufficient notice that a wrongful death claim and a § 1983 violation of civil rights claim would be made by the Estate of ALLAN BLANCHARD. MIAMI acknowledged receipt of the written claim by letter on January 27, 1989. This action was filed in this Court on February 14, 1989, eighteen days later.

Plaintiffs, in their Complaint, requested in footnote 1, that this Court hold the Florida Wrongful Death Act claims in abeyance until after the expiration of the six month notice period. This Court refuses to countenance such self-serving pleading. The notice requirement is a condition precedent to the filing of a state claim against a municipality. *Levine v. Dade County School Bd.,* 442 So.2d 210 (Fla.1983).

Florida Statute § 768.28(6)(a) provides that a plaintiff must present the claim in writing to the appropriate agent and municipality, and that agency must deny the claim. Plaintiffs in this case properly

presented their claim, and were told that MIAMI would "investigate the claim." Plaintiffs argue that MIAMI's failure to make good faith offer of settlement within 18 days of notice of the claim, after actively pursuing settlement negotiations, was a *de facto* denial of the claim and that Defendants have therefore waived the six month notice requirements of § 768.28(6)(a). This Court cannot agree, and there is no law to support Plaintiffs' position. Therefore, Counts II and III must be dismissed, without prejudice.

### E. Whether Count II and Count III fail to state a claim

■ Defendants argue that Plaintiffs' pendent state law claims should be dismissed for failure to state a claim. Because this Court has disposed of the state law claims for failure to meet the notice requirements of § 768.28(6)(a), this Court need not address this issue. This Court, however, does point out to Plaintiffs that the Florida Wrongful Death Act clearly does not constitute a waiver of the State's common-law immunity against civil rights actions at the state level. *Hill v. Department of Correction, State of Florida*, 513 So.2d 129 (Fla.1987). Further, this section does not encompass civil rights actions brought under 42 U.S.C. § 1983, whether the suit is brought in state or federal court. *Spooner v. Department of Correction, State of Florida*, 488 So.2d 897 (Fla. 1st DCA 1986).

### F. Whether the Court must exercise its pendent jurisdiction

■ The power of pendent jurisdiction over state claims is discretionary with this Court and need not be exercised in every case in which state claims are coupled with federal claims. *Stowell v. Ted S. Finkel Investment Services, Inc.*, 489 F.Supp. 1209, 1217 (S.D.Fla.1980).

One major reason for a court to decline to exercise its pendent jurisdiction is "the likelihood of jury confusion in treating divergent legal theories of relief." *Stowell* at 1217, *citing United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct.

1130, 16 L.Ed.2d 218 (1966). Although the *Stowell* court was discussing the differences between federal 10b–5 actions and Florida common law fraud claims, the same analysis is applicable here.

As discussed above, in order to find MIAMI and ANDERSON liable under § 1983, Plaintiffs must prove that they permitted a custom or policy of constitutional deprivation and failed, as a matter of specific intent or deliberate indifference, to correct or stop the practices. *Spell v. McDaniel, supra*, 824 F.2d at 1391. Mere lack of care by a state official is not enough, there must be gross recklessness. *Daniels* 474 U.S. at 334, 106 S.Ct. at 666.

The standard is much different under § 768.28, Florida Statutes. § 768.28 is a tort action that permits recovery for personal injury or death caused by the negligent or wrongful act or omission of an employee of the state or its agencies or subdivisions. Thus, Plaintiffs need only prove *negligence*, a much lower standard than the *gross recklessness* required under 1983 in order to recover against MIAMI and/or ANDERSON. Additionally, the standard under § 768.28(9)(a) is a *respondeat superior* standard. If the police officer acted "in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property," there is no vicarious liability under § 768.28(9)(a) and neither MIAMI nor ANDERSON could be held liable. This differs radically from the standard under § 1983, where even if LOZANO did not act in good faith, or acted maliciously, MIAMI and/or ANDERSON would not necessarily be released from liability, because that liability is not based upon *respondeat superior*.

Punitive damages are unavailable under § 768.28, although they may be awarded against individual defendants under the federal statute. The court stated in *Stowell*, "[i]t appears that the reason these state [ ] claims are included in the federal [ ] claims is to maximize the possible recovery for the plaintiffs, that is, the recovery of punitive damages." *Stowell* at 1215. Without assuming that Plaintiffs in the

case *sub judice* have this same intent, clearly the risk of confusion between the two claims is great. This Court therefore would decline to exercise its pendent jurisdiction, even if the state claims were timely filed.

### G. Whether Plaintiff's claims pursuant to the First, Fifth, Sixth, Eighth and Ninth Amendments to the Constitution should be stricken

 Defendants claim that, if their motion to dismiss is denied, Plaintiffs' jurisdictional allegations pursuant to the First, Fifth, Sixth, Eighth and Ninth Amendments should be stricken because the allegations of the Complaint do not support any claims pursuant to these amendments. This same issue was addressed by the court in *Starstead v. City of Superior*, 533 F.Supp. 1365 (W.D.Wisc.1982). That court stated that it "need not decide whether plaintiffs' invocation of each constitutional amendment in the complaint is proper.... Allegations which evidence *some* constitutional deprivation will suffice." *Id.* at 1368. This Court agrees. Although, for example, there seems little doubt that the Eighth Amendment was not violated because the decedent was not in custody at the time of his death, there is no question but that the allegations of this complaint, if taken as true, evidence some constitutional deprivation. That is all that is required. It is enough under § 1983 if only one constitutional deprivation is established, although a violation under this section must be predicated on the deprevation of at least one constitutional right. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

### H. Whether Plaintiff's claims for punitive damages should be stricken

 Municipal Defendants cannot be held liable for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Individuals, however, can be liable. *Id.* Therefore, the claim for punitive damages will be stricken against MIAMI. Plaintiffs will be allowed in their Complaint to seek punitive damages against ANDERSON and LOZANO, individually.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED as to Defendants SUAREZ and MPD, and DENIED as to Defendants MIAMI, and ANDERSON. Defendants SUAREZ and MPD are DISMISSED from this action. Counts II and III are DISMISSED, in their entirety, without prejudice to Plaintiffs suing in the state court.

It is further ORDERED that the Motion to Strike is partially GRANTED and partially DENIED. The claim for punitive damages against MIAMI is hereby STRICKEN. Plaintiffs may still pursue punitive damages against ANDERSON and LOZANO, individually.

DONE AND ORDERED.