Sandra **POST** and Abilio
Lirio, **Plaintiffs,**

v.

**CITY OF FORT LAUDERDALE, et al., Defendants.**

**No. 89–6810–CIV–GONZALEZ.**

United States District Court,
S.D. Florida.

Nov. 15, 1990.

Jeffrey B. Shapiro of Herzfeld & Rubin, Miami, Fla., for plaintiffs.

Robert H. Schwartz, Gunther & Whitaker, Fort Lauderdale, Fla. and Joseph Lewis, Jr., Asst. Atty. Gen., Tallahassee, Fla., for defendants.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE came before the Court upon the joint Motion To Dismiss filed by the Fort Lauderdale Police Department and the Fort Lauderdale Building and Zoning Department.

#### A. Summary

In *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that "municipalities and other local government

units" are "persons" subject to liability for violating 42 U.S.C. § 1983. This motion raises the issue of whether departments, divisions, etc., of a municipality are proper parties to a lawsuit or whether instead only the municipality itself is properly named as a defendant. Contending that they are not proper parties, the Fort Lauderdale Police Department and the Fort Lauderdale Building and Zoning Department have moved the Court to dismiss them as defendants to the amended complaint. The plaintiffs have responded and the motion is now ripe for disposition.

### B. Discussion

The Court considered the same issue in an earlier order addressing a motion to dismiss the first complaint. In refusing to dismiss the movants from the action the Court stated:

> However, dismissal is not merited at this time. Even the defendants admit that there is no Eleventh Circuit law on this subject. Until the court is apprised of the factual involvement of these two entities, they should remain parties in this case.

Responding to the Court's statement that there is no Eleventh Circuit law on the subject, the movants renewed the motion after being served with the second amended complaint and brought to the Court's attention the case of *Eddy v. City of Miami*, 715 F.Supp. 1553 (S.D.Fla.1989), as authority for their proposition.

In *Eddy*, the court was faced with a § 1983 claim against the City of Miami and the Miami Police Department, among others. Upon motion, the court dismissed the Miami Police Department from the suit on the ground that it was not a proper party to the litigation. In dismissing the police department the court held that "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *Eddy*, 715 F.Supp. at 1556.

To support its ruling the court in *Eddy* cited *Vinson v. Richmond Police Dept.*, 567 F.2d 263 (4th Cir.1977), *vacated*, 438 U.S. 903, 98 S.Ct. 3120, 57 L.Ed.2d 1145 (1978) and *Shelby v. City of Atlanta*, 578 F.Supp. 1368 (N.D.Ga.1984). The movants similarly have suggested to the Court that these decisions support their contention.

Contrary to the movants' contention, *Vinson* is clearly distinguishable and was in fact vacated by the Supreme Court after the Court's decision in *Monell*. *Vinson* did not decide the specific question at issue here. It was a pre-*Monell* decision which merely restated the now discredited proposition that a municipality is not a "person" subject to suit under § 1983. Armed with that rule, the *Vinson* court reasoned that because a municipality is not a person a department of that municipality surely is not a person. After *Monell*, *Vinson* is not good law.

Despite *Vinson* no longer being good law, there are a few decisions, including *Shelby* and *Eddy*, which would support the movants' theory. Contrary to the plaintiff's implicit contention in their response, and unlike *Vinson*, all of these decisions are post-*Monell*.

In *Shelby v. City of Atlanta*, 578 F.Supp. 1368 (N.D.Ga.1984), the plaintiff had brought suit against the City of Atlanta and the City of Atlanta Police Department. The court dismissed the police department as a defendant on the basis that the police department is not an entity subject to suit. The court reasoned that the department is an integral part of the City of Atlanta government and is merely the vehicle through which the city government fulfills its policing functions. That being so, the Court seemed to be saying, the City of Atlanta, and not its police department, was the proper defendant in the suit.

Similarly, in *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985), the Tenth Circuit upheld the dismissal of the City of Denver Police Department from a civil rights suit on the ground that the police department was "not a separate suable entity" from the City of Denver.

Finally, in *Missouri Ex Rel. Gore v. Wochner*, 475 F.Supp. 274, 280 (E.D.Mo. 1979), *aff'd*, 620 F.2d 183 (8th Cir.), *cert. denied*, 449 U.S. 875, 101 S.Ct. 218, 66

L.Ed.2d 96 (1980), the district court considered a motion to dismiss a § 1983 claim against, among others, the Department of Personnel of the City of St. Louis. The Court dismissed the Department of Personnel as a defendant because the department was not a proper party defendant. Reasoning that the department was an integral part of the City of St. Louis' government, the court held that the department lacks a legal identity apart from that of the city and as such was not a suable entity.

### C. Conclusion

Neither *Monell* nor *St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), considered the precise issue raised by this motion. Moreover, the Eleventh Circuit has not passed on the question. Therefore the issue appears to be an open one. That being the case, this Court will follow the cases discussed above and grant the motion to dismiss.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The Motion To Dismiss filed on behalf of the Fort Lauderdale Police Department and the Fort Lauderdale Building and Zoning Department is GRANTED. The Fort Lauderdale Police Department and the Fort Lauderdale Building and Zoning Department are DISMISSED as defendants to this action. The City of Fort Lauderdale shall remain as a party defendant to answer for the actions or omissions of the now dismissed departments.

DONE AND ORDERED.