Jean Michel PIERRE, as Personal Representative of the Estate of Patrick Pierre, Deceased, Plaintiff,

v.

John SCHLEMMER, Chief Dan Thorpe, Bradenton Police Department and City of Bradenton, Florida, Defendants.

No. 95–1995–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1996.

Charles Steven Yerrid, Christopher Scott Knopik, Yerrid, Knopik & Valenzuela, P.A., Tampa, FL, Michael Shelby Sperounes, Law Office of Michael S. Sperounes, Bradenton, FL, for plaintiff Jean Michel Pierre, as Personal Representative of the Estate of Patrick Pierre, Deceased.

Nevin A. Weiner, Livingston, Patterson & Strickland, P.A., Sarasota, FL, Gregory W. Hootman, Law Office of Gregory W. Hoot-

man, Sarasota, FL, for defendant John Schlemmer.

Jeffrey S. Weiss, Angelina M. Grimes, Rumberger, Kirk & Caldwell, P.A., Orlando, FL, for defendant Dan Thorpe, Chief.

James L. Yacavone, III, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, FL, for defendants City of Bradenton, Bradenton Police Department.

## ORDER

KOVACHEVICH, Chief Judge.

**THIS CAUSE** is before this Court on the Motion of Bradenton Police Department's to Dismiss (Dkts. No. 9, 10), and Plaintiff's response (Dkts. No. 18, 20).

## FACTS

Jean Michel Pierre, as Personal Representative of the Estate of Patrick Pierre ("PIERRE"), deceased, brings this action against John Schlemmer ("SCHLEMMER"), Chief Dan Thorpe, Bradenton Police Department and City of Bradenton, Florida, alleging the following: 1) violation of Fourth Amendment and Fourteenth Amendment constitutional rights in Count I, by Corporal Schlemmer; 2) Count II, by Chief Thorpe; 3) Count III, by Bradenton Police Department; and 4) Count IV, by the City of Bradenton.

The Complaint contains the following allegations. On or about October 18, 1995, Corporal John Schlemmer, a Bradenton Police Officer, responded to a complaint concerning a rent collector-tenant dispute in Bradenton, Florida. The rent collector gave Schlemmer the description of the tenant in question. The rent collector pointed out Pierre to Schlemmer, who then approached Pierre. Pierre fled on foot. Schlemmer, also on foot, allegedly pursued Pierre. The pursuit ended when Pierre stopped and picked up an empty bottle and raised it. Schlemmer shot and killed Pierre.

## STANDARD OF REVIEW

A complaint should be dismissed for improper party as a matter of law. *Dean v. Barber,* 951 F.2d 1210 (11th Cir.1992); *Post v. City of Ft. Lauderdale,* 750 F.Supp. 1131

(N.D.Ga.1990); *Eddy v. City of Miami,* 715 F.Supp. 1553 (S.D.Fla.1989); *Florida City Police Department v. Corcoran,* 661 So.2d 409 (Fla. 3d DCA 1995).

## DISCUSSION

## PROPER PARTY

The issue before this Court is whether Defendant Bradenton Police Department ("BPD") is a "person" for the purpose of this suit under 42 U.S.C. § 1983, which is subject to liability for violation of the constitutional rights of its citizens and residents. The definition of "person" is dependent on the state law determination of whether the police department possesses the power to sue and be sued.

Defendant BPD argues that it is not a proper party in this litigation, and must be dismissed. Bradenton Police Department is a department for the City of Bradenton, who is also a defendant in this suit, and therefore Bradenton Police Department is not a "person" under 42 U.S.C. § 1983, or Florida law. *Dean v. Barber,* 951 F.2d 1210 (11th Cir. 1992); *Post v. City of Ft. Lauderdale,* 750 F.Supp. 1131 (N.D.Ga.1990); *Eddy v. City of Miami,* 715 F.Supp. 1553 (S.D.Fla.1989); *Shelby v. City of Atlanta,* 578 F.Supp. 1368, 1370 (N.D.Ga.1984); *Florida City Police Department v. Corcoran,* 661 So.2d 409 (Fla. 3d DCA 1995).

Defendant Bradenton Police Department asserts that courts lack a uniform approach to the terms "local government unit," "person," and "entity" in § 1983 cases. Some courts have held police departments are not entities subject to suit. *Baldi v. City of Philadelphia,* 609 F.Supp. 162, 168 (E.D.Pa. 1985); *Reese v. Chicago Police Department,* 602 F.Supp. 441, 443 (N.D.Ill.1984); *Bradford v. Gardner,* 578 F.Supp. 382, 383 (E.D.Tenn.1984); *Williams v. Baxter,* 536 F.Supp. 13, 16 (E.D.Tenn.1981). These cases hold that a police department is not separate from the city or county itself and, as such, is not a legal entity. Thus, suits must be brought against the city itself. Other courts have held that police departments were "persons" under § 1983 and therefore could be sued. *Pillette v. Detroit Police Department,*

661 F.Supp. 1145, 1150 (E.D.Mich.1987); *Gaborik v. Rosema*, 599 F.Supp. 1476, 1481 (W.D.Mich.1984); *Kennibrew v. Russell*, 578 F.Supp. 164, 166–167 (E.D.Tenn.1983).

Defendant points out that the Eleventh Circuit Court of Appeals follows the holding that police departments are not entities subject to suit under § 1983. *Dean*, 951 F.2d 1210; *Eddy*, 715 F.Supp. 1553; *Florida City Police Department*, 661 So.2d 409 (Fla. 3d. DCA 1995).

Plaintiff contends that Defendant's Motion to Dismiss should be denied because Defendant BPD is subject to suit under 42 U.S.C. § 1983, and because the motion is premature as it requires resolution of factual issues not presently before the Court.

Next, Plaintiff argues that those courts which have held that police departments are subject to suit under § 1983 have reached their conclusions utilizing some combination of two principles. The first principle is the legal recognition of the U.S. Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which held that local governmental units are "persons" for purpose of § 1983, the Civil Rights Act of 1871. The second principle is the procedural command that factual issues cannot be resolved on a motion to dismiss. *See e.g. Gaborik v. Rosema*, 599 F.Supp. at 1481 (W.D.Mich.1984).

In *Monell*, the plaintiffs were female employees challenging the Department of Social Services for the City of New York, whose policies require pregnant employees to take unpaid leaves of absence. The U.S. Supreme Court held that:

> [L]ocal governing bodies can be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where the action that is alleged to be unconstitutional implements or executes a *policy statement, ordinance, regulation, or decision officially adopted* or promulgated by those whose edicts or acts may fairly be said to represent official policy. *Id.*, 436 U.S. 658, 658–59, 56 L.Ed.2d 611, 615–16, 98 S.Ct. 2018, 2019. [Emphasis added.]

■ Florida law provides that counties and municipalities have the power to sue and be sued. *See*, Art. VIII, *Fla. Const.* (1968); § 166.021, *Fla.Stat.* (Supp.1994); 13 Fla. Jur.2d *County and Municipal Corporations* § 290 (1979); 17 Eugene McQuillin, *The Law of Municipal Corporations*, § 49.16, § 49.17 (3d ed. 1993); *Florida City Police Department v. Corcoran*, 661 So.2d 409 (Fla. 3d. DCA 1995). A police department, which is not a registered entity with the State of Florida, is not subject to suit under 42 U.S.C. § 1983. As the Court has held:

> Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit. *Eddy v. City of Miami*, 715 F.Supp. 1553 (S.D.Fla.1989).

Here, Plaintiff has sued the Bradenton Police Department *and* the City of Bradenton. Only the City of Bradenton is a municipal corporation of the State of Florida within the meaning of Florida Statute § 768.28(2). Plaintiff considers the Bradenton Police Department a law enforcement body within the structure of the local government (Dkt. 1).

The distinguishing factor of *Monell* is the implementation and enforcement of Department of Social Services' internal policies of unpaid maternity leaves, a factor which is not present here. The policies constituted governmental "custom" which allowed the Department of Social Services, a local governing body, to be directly sued under § 1983.

In the instant case, Defendant, Bradenton Police Department, did not promulgate any governmental "custom" that might permit Defendant to be directly sued under § 1983. The Court finds that Defendant Bradenton Police Department, is not a "person" nor proper party for the purpose of this suit. Accordingly, it is

**ORDERED** that the Motion to Dismiss of the Bradenton Police Department is **granted** (Dkt. 9).

**DONE and ORDERED.**