CARROLL, DONALD K., Chief Judge.
The Florida Medical Association, Inc., a non-profit corporation, has appealed from an order entered by the Circuit Court for *757 'Walton County denying' its motion to dismiss the appellees’ complaint.
The principal grounds of the motion to •dismiss are insufficiency of process, insufficiency of service of process, and improper venue.
This appeal arose out of the following •situation in the Circuit Court:
The appellees filed a suit for injunctive, •declaratory, and other relief against the Board of Governors of the Florida Medical Association and against the Walton-Oka-loosa-Santa Rosa Medical Society. The •said Board of Governors and the said •society are appellants here, along with the Florida Medical Association, Inc., which ■was not named as a party in the appellees’ •complaint.
The appellees allege therein that they are medical doctors but that the said Board of Governors arbitrarily expelled them from the Florida Medical Association and sent a directive to the said county medical society to expel the appellees from that society.
Based upon the appellees’ sworn complaint the chancellor issued a temporary injunction, ordering the said Board of Governors to restore the appellees to membership in the Florida Medical Association and enjoining the county medical society from complying with the aforementioned directive. Several months later the chancellor entered the order appealed from herein denying the motion to dismiss filed in the cause by the appellant corporation.
According to the original return a copy of the temporary injunction was served upon one Dr. S. C. Harvard, of Brooksville, Florida, but the return failed to indicate the capacity in which Dr. Harvard was served. It happened that Dr. Harvard was in fact the president of the Florida Medical Association, Inc., at the time of the service.
In the order before us the chancellor denied the said motion to dismiss and held that the mentioned directive to the said county medical society called for action by “a component and inseparable part of the Florida Medical Association, Inc.” and that “while the complaint should be amended to give a proper and clear designation of the defendant Florida Medical Association * * * » process an(j service of process upon the president of the said association constituted “service upon the proper person” to enjoin the threatened wrong. The said Walton County was also held to be the proper venue for the subject suit.
In our opinion, no citation of authorities is required to sustain the proposition that only legal entities, personal or corporate, may be sued in the courts of this state. The Board of Governors of the Florida Medical Association, Inc., is not such a legal entity The corporate appellant is a domestic corporation. Valid service of process upon such a corporation may be effected only by a compliance with Section 47,17, Florida Statutes, F.S.A., which provides :
“Process against any corporation, domestic or foreign, may be served:
“(1) Upon the president or vice-president, or other head of the corporation; and in the absence of such head:
“(2) Upon the cashier, treasurer, secretary or general manager; and in the absence of all the above:
“(3) Upon any director of such company; and in the absence of all of the above:
“(4) Upon any officer or business agent, resident in the state.
“(5) If a foreign corporation shall have none of the foregoing officers or agents in this state, service may be made upon any agent transacting business for it in this state.
“(6) This section shall not apply to service of process upon insurance companies.
“(7) The provisions of this section shall be cumulative to all existing laws.”
*758 While it is true that at the time of the service of process Dr. Harvard was the president of the Florida Medical Association, Inc., such service could not be effective against the said corporation because the corporation was not a party in the suit. The sheriff’s return did not show that Dr. Harvard was served in his capacity of president of the corporation or in any other capacity, other than an individual. An analogous situation obtained in the case of Licausi v. Ashworth, 78 App.Div. 486, 79 N.Y.S. 631 (1903), in which the New York Supreme Court, Appellate Division, said:
“In the present case, although it appears that Edmund S. Ashworth was the president of the Stanley Hod Elevator Company at the time of the service of the summons upon him, it is manifest that he was not served as such president, but that the summons and complaint were directed against him as an individual, and not intended to affect the corporation at all.”
In that case the summons named one Ashworth as the sole defendant. The plaintiff moved that a certain corporation, of which Ashworth was the president and “owner of the corporation,” be substituted for Ashworth as a defendant. The trial court granted this motion, but its order was reversed by the appellate court.
We need not here discuss the validity of the service of process upon the county medical association, for that question is dealt with in our opinion in the companion case of Walton-Okaloosa-Santa-Rosa County Medical Society v. Spires, 153 So.2d 325. In that opinion and judgment, we hold that such service was ineffective to bind the county medical association.
There being no legally effective service of process upon the appellants, the entire cause became subject to dismissal because the court had no jurisdiction of them. Under such circumstances, the appellant corporation’s motion to dismiss the appellees’ complaint should have been granted.
In making this ruling, however, we have-not considered or passed upon the question whether on remand of this cause the chancellor may grant leave to the parties to amend their pleadings in order to conform to the views expressed herein, as well as grant leave to the appellees to make new efforts to achieve effective service of proc^ ess upon the appellants.
Reversed and remanded.
WIGGINTON and RAWLS, JT., concur^