324 So.2d 639 (1976)
CITY OF HIALEAH and Chester Webb, Appellants,
v.
Brenda CARROLL, Appellee.
No. 75-1113.
District Court of Appeal of Florida, Third District.
January 13, 1976.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for appellants.
Alden Sanford Tarte, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by the City of Hialeah and Chester Webb, defendants in the trial court, from an order denying a motion to set aside a default in an action based on a complaint filed by Brenda Carroll, the plaintiff, for compensatory and punitive damages for false arrest and assault.
*640 On March 18, 1974, the City of Hialeah was served with process by serving the city judge and Officer Webb was served by serving the city clerk. No other pleadings or papers were filed until February 13, 1975, when the plaintiff filed a demand for default together with a non-military affidavit. A default was entered by the clerk of the court. Subsequent to entry of the default, the defendants filed an answer asserting meritorious defenses and a motion to vacate the default alleging insufficient and improper service of process on both defendants, excusable neglect in that the attorneys for the plaintiff and the defendants had discussed settlement and an extension of time for filing defensive pleadings. A hearing was held on the motion, the trial judge refused to vacate the default and this interlocutory appeal ensued.
As points on appeal, the defendants contend that the trial court grossly abused its discretion in failing to vacate the default because (1) the service of process was defective and (2) the facts established excusable neglect.
We find that the service of process on both defendants was defective. The return attached to the summons addressed to the City of Hialeah, reflects that the summons was served on the City by serving the city judge in the absence of the mayor, recorder, alderman, or other equivalent officer. The controlling statute is § 48.111, Fla. Stat., which provides:
"48.111 Service on public agencies and officers. 
(1) Process against any municipal corporation, agency, board of commission, department or subdivision of the state or any county which has a governing board, council or commission or which is a body corporate shall be served:
(a) On the president, mayor, chairman or other head thereof; and in his absence;
(b) On the vice-president, vice-mayor or vice-chairman, or in the absence of all of the above;
(c) On any member of the governing board, council or commission.
(2) Process against any public agency, board, commission or department not a body corporate or having a governing board or commission shall be served on the public officer being sued or the chief executive officer of the agency, board, commission or department.
(3) As an alternative to all of the foregoing, process may be served on the person designated pursuant to § 120.071.
(4) In any suit in which the department of revenue or its successor is a party, process against the department shall be served on the executive director of the department. This procedure is to be in lieu of any other provision of general law, and shall designate said department to be the only state agency or department to be so served."
It is clear from the language of § 48.111, supra, that the persons mentioned in the return and the person actually served, the city judge, are not the proper recipients of service of process. Although service on those officials would have been proper under § 47.20, Fla. Stat. which was in effect until 1967,[1] the requirements of § 48.111 are not met by asserting the absence of the mayor, recorder, alderman, or other equivalent officer and serving the city judge.
*641 The service of process on Chester Webb in his official capacity was also deficient in that the return of service of process reflects service made on the city clerk without asserting the absence of any of the officials specified in § 48.111, Fla. Stat., supra.
Due to the insufficient service of process on both defendants, it is our opinion that the trial court erred in denying the motion to set aside the default. We, therefore, reverse and remand to the trial court with directions to vacate the default against the defendants. The issue of excusable neglect is moot.
Reversed and remanded with directions.
NOTES
[1] § 47.20, Fla. Stat., 1965, provided:

"47.20 Service of process; municipal corporations.  Process against a municipal corporation may be served:
(1) Upon the mayor or chief magistrate; or in his absence:
(2) Upon the recorder; or, in the absence of all of above:
(3) Upon any alderman or equivalent officer. Service upon any officer or a municipal corporation shall be good only when made while he is in the limits of such corporation."