661 So.2d 409 (1995)
FLORIDA CITY POLICE DEPARTMENT, Appellant,
v.
Daniel CORCORAN, Appellee.
No. 95-1821.
District Court of Appeal of Florida, Third District.
October 18, 1995.
*410 Johnson Anselmo Murdoch Burke & George, and Michael T. Burke, and Jeffrey L. Hochman, Ft. Lauderdale, for appellant.
Bender Bender Chandler & Adair, and Harry K. Bender, Coral Gables, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
COPE, Judge.
The City of Florida City appeals an order denying its motion to set aside a default. We reverse.
Plaintiff-appellee Daniel Corcoran filed a lawsuit for damages, naming as defendant the Florida City Police Department. He obtained a default. The City of Florida City's motion to set aside the default was denied, and this appeal follows.
The City correctly asserts that the Florida City Police Department is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued. See Florida Medical Ass'n, Inc. v. Spires, 153 So.2d 756, 757 (Fla. 1st DCA 1963).
Under Florida law, municipalities have the power to sue and be sued. See Art. VIII, § 2(b), Fla. Const. (1968); § 166.021, Fla. Stat. (Supp. 1994); 13 Fla.Jur.2d Counties and Municipal Corporations § 290 (1979); 17 Eugene McQuillin, The Law of Municipal Corporations §§ 49.16, 49.17 (3d ed. 1993).
The City has filed an uncontroverted affidavit stating:
2. The City of Florida City ("Florida City") is a municipality organized and existing under the laws of the State of Florida. Florida City provides services to its residents through various departments. Law enforcement services are provided through the Police Department. The Florida City Police Department is not a legal entity and does not have any legal existence separate and apart from Florida City itself.
"Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D.Fla. 1989); accord Post v. City of Ft. Lauderdale, 750 F. Supp. 1131, 1132 (S.D.Fla. 1990); see also Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir.1992).
Here, the plaintiff has sued the Police Department, which does not have the capacity to be sued. The proper defendant, the City, was not joined as a defendant. Service of process was not accomplished on any of the city officials designated in subsection *411 48.111(1), Florida Statutes (1993).[1] The default must be vacated. City of Hialeah v. Carroll, 324 So.2d 639, 641 (Fla. 3d DCA 1976); Florida Medical Ass'n, Inc. v. Spires, 153 So.2d at 757-58.[2]
The order under review is reversed and the cause remanded with directions to vacate the default and dismiss the action as to the Florida City Police Department. This ruling is without prejudice to the Plaintiff to amend the complaint to add the City as a defendant, and to serve process on the City in accordance with subsection 48.111(1), Florida Statutes.
Reversed and remanded with directions.
NOTES
[1] Process was served on the police chief.
[2] As jurisdiction has not been properly established over the City, we need not reach the City's contention that it has also shown excusable neglect and a meritorious defense. See City of Hialeah v. Carroll, 324 So.2d at 641; Florida Medical Ass'n, Inc. v. Spires, 153 So.2d at 758.