738 So.2d 431 (1999)
Officer Curt MASSON, Officer Ramon Bruzos, Officer Anastasia Dolan, Officer Floyd Kelly, Officer Roberto Alvarez, and Officer Anthony Catanzaro, Jr., Appellants,
v.
MIAMI-DADE COUNTY, Appellee.
No. 98-3189.
District Court of Appeal of Florida, Third District.
July 14, 1999.
*432 Stewart Lee Karlin, Fort Lauderdale, for appellants.
Robert A. Ginsburg, Miami-Dade County Attorney, and Lee Kraftchick, Assistant County Attorney, for appellee.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
COPE, J.
The plaintiffs are six court service officers who filed a declaratory judgment action for a definition of their legal status. They contend that under applicable Florida Statutes, they should be treated as deputy sheriffs, and should receive training and compensation accordingly. The trial court rejected plaintiffs' position and the plaintiffs have appealed.
As a preliminary matter, the plaintiffs brought suit against the Miami-Dade Police Department. The County Attorney correctly points out that the Police Department does not have the capacity to sue or be sued. See Florida City Police Department v. Corcoran, 661 So.2d 409, 410 (Fla. 3d DCA 1995); Miami-Dade County Code § 2-91. By agreement of the County, we amend the caption to reflect the County as the proper defendant.
As explained by the trial court:
The material facts are not in dispute. The Plaintiffs are employed by the Miami-Dade County Police Department as Court Service Officers 1 and 2 and are somtimes referred to as "civil deputy sheriffs." The Plaintiffs' primary function is to serve process and writs of possession. The Plaintiffs are not authorized to carry firearms and do not have the power of arrest.
The Plaintiffs are members of a bargaining unit of County employees represented by the Miami-Dade County Police Benevolent Association. In accordance with the provisions of that agreement, court service officers are paid at different rates and receive different benefits than the County's police officers. For example, the contract provides at Article 36(N) that only sworn bargaining unit employees, "as defined by Chapter 943 of the Florida Statutes," may receive hazardous pay. Court service officers do not fall within the definition of sworn officers under Chapter 943 because they are not "vested with authority to bear arms and make arrests." Fla. Stat. § 943.10(1). Disputes under the contract are resolved pursuant to a grievance and arbitration procedure. Employees who believe they are misclassified are entitled to appeal their classification to the County's Personnel Director. The Plaintiffs concede they have not attempted to exhaust any of the contractual remedies provided by the collective bargaining agreement.
(Citations omitted).
The County's law enforcement functions are carried out by the Police Department which was created in 1966 to replace the then-existing Office of Sheriff. See Miami-Dade County Home Rule Charter Art. 8, § 8.01D; Miami-Dade County Code § 2-91(a). The head of the Police Department is the Director, "who shall also be known by the title of Metropolitan Sheriff." Miami-Dade County Code § 2-91(b). The plaintiffs allege, and the County does not dispute for these purposes, that upon beginning their duties, each plaintiff was issued a badge bearing the legend "deputy sheriff."
The plaintiffs acknowledge that under Florida law, the County may appoint "special deputy sheriffs" with limited authority. See § 30.09, Fla. Stat. (1997); Guarantee Trust & Safe Deposit Co. v. Buddington, 23 Fla. 514, 524-25, 2 So. 885, 890 (1887). The plaintiffs contend, however, that a special deputy sheriff can only be appointed to perform the duties enumerated in subsection 30.09(4), Florida Statutes. Since serving process and writs of possession is not included in the list contained in subsection 30.09(4), and since *433 the plaintiffs have been given badges designating them as deputy sheriffs, plaintiffs argue that they must necessarily be treated as regular deputy sheriffs, not "special deputy sheriffs."
We agree with the trial court's rejection of this argument. The court said, in part:
The Plaintiffs contend that [the Miami-Dade County Police Department] does not have the legal authority to appoint persons to serve civil process without giving them the full authority and benefits given to the County's law enforcement officers....
. . . .
The State Attorney General has ... rejected the Plaintiffs' argument. In [Attorney General Opinion] 073-436, the Director of the Dade County Police Department asked the Attorney General:
Does the sheriff have the authority to appoint special deputy sheriffs whose authority and function are limited to the service of civil process, assuming that the normal bonding requirements of deputy sheriffs are met?
The Attorney General answered:
Nothing in § 30.09(4), F.S., prohibits a sheriff from appointing special deputies for the sole purpose of serving civil process.
The Attorney General explained that Fla. Stat. § 30.09(4) does not limit the appointment of special deputy sheriffs. Section 30.09 states that a sheriff may appoint special deputies for a variety of listed purposes; it does not state that deputies may be appointed only for the listed purposes. "This limitation not being present, the presumption follows that if the appointment [is to serve process it] is not proscribed." Id.

The Attorney General's opinion follows well-established Florida law. Over a century ago, in Guarantee Trust & Safe Deposit Co. v. Buddington, 23 Fla. 514, 2 So. 885, 889-90 (Fla.1887), the Florida Supreme Court recognized the authority of sheriffs to appoint special deputies with limited duties. The Court explained that in this state, "it is common practice for a sheriff to appoint a special deputy." Id. at 890.
Since ... it is lawful for the County to appoint deputies with limited duties, the Plaintiffs' request for a declaration to the contrary must be rejected. The Plaintiffs are court service officers and are treated differently from law enforcement officers because they are different from such officers. Unlike law enforcement officers, the Plaintiffs do not have the power to carry firearms and do not have the authority to make arrests. These critical distinctions in authority warrant their different treatment.
(Emphasis in original).
Our affirmance is without prejudice to the plaintiffs to pursue whatever remedies they may have under the collective bargaining agreement or in the collective bargaining process.
Affirmed.