[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 07-14263
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00416-CV-T-24-MSS

MEL ABELE,

Plaintiff-Appellant,

versus

CITY OF BROOKSVILLE, FLORIDA,

Defendant-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

**(April 9, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Mel Abele, proceeding pro se, appeals the dismissal

without prejudice of his 42 U.S.C. § 1983 complaint for failure to serve properly

the Defendant-Appellee, City of Brooksville, Florida. No reversible error has been shown; we affirm.

Plaintiff argues on appeal that no dismissal was appropriate and that his motion for default judgment should have been granted because City of Brooksville failed to respond timely to the complaint. According to Plaintiff, the return of service filed in the district court shows that the summons and complaint were served properly and timely on the City of Brooksville on 15 March 2007, when a licensed process server delivered personally the summons and complaint to the Interim Acting City Manager. Based on this service, Plaintiff claims entry of a default judgment was required upon the City's failure to answer.

By order dated 17 July 2007, the district court <u>sua</u> <u>sponte</u> directed Plaintiff to serve the City of Brooksville and to file proof of service on or before 17 August 2007; the district court warned that non-compliance would result in dismissal without further notice for failure to perfect service within 120 days after filing the complaint. <u>See</u> Fed.R.Civ.P. 4(m). By order dated 1 August 2007, the district court reviewed Plaintiff's purported proof of service and concluded that Plaintiff failed to demonstrate that proof of service on the "Interim Acting City Manager" was adequate under the Federal Rules of Civil Procedure or under Florida law. Plaintiff's motion for default judgment was denied. When Plaintiff failed to file

2

adequate proof of service and requested no extension of time within which to perfect service, the complaint was dismissed without prejudice on 20 August 2007.

Under Fed.R.Civ.P. 4(j)(2), a local government must be served in accordance with the laws of the state or by delivering a copy of the summons and complaint to its chief executive officer. And if a waiver of service has not been obtained from the defendant and filed with the court, service must be made personally on the defendant. See Fed.R.Civ.P. 4(d) and (e); Fla.R.Civ.P. 1.070(i). Under Florida law, to effect service on "a municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission," the plaintiff must serve "the president, mayor, chair, or other head thereof; and in his or her absence; ... the vice president, vice mayor, or vice chair, or in the absence of all of the above; ... any member of the governing board, council, or commission." F.S.A. § 48.111. Florida courts require that the statutory method of service be strictly followed. See, e.g., Erection Service, Inc. v. Sims Crane Service, Inc., 379 So.2d 423, 425 (Fla. 2d DCA 1980) (concluding, in context of service on a corporation, that statutory means of service is exclusive and must be strictly construed). And service of process that is not in "substantial compliance" with the requirements of the

3

Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit. See Prewitt Inter., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003).

The return of service filed with the district court stated only that the complaint was left with the Interim Acting City Manager; and that the Interim Acting City Manager "said he would forward to City Atty." Plaintiff failed to establish that the Interim Acting City Manager was a proper recipient of service of process under F.S.A. § 48.111; he failed to prove substantial compliance with the rule for service on a local government. Fed.R.Civ.P. 4(j)(2); F.S.A. § 48.111. Absent from the return of service is a statement of the unavailability of officials designated as appropriate recipients of service under F.S.A. § 48.111 or a statement that the Interim Acting City Manager is a proper recipient in the absence of other designated officials. The service of process was defective. See City of Hialeah v. Carroll, 324 So.2d 639(Fla. 3d DCA 1976).

In the light of Plaintiff's failure to submit adequate proof of service of process under Fed.R.Civ.P. 4 and Florida law, the district court committed no error when it denied Plaintiff's motion for default judgment and dismissed his complaint without prejudice.

**AFFIRMED.**