[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10800
Non-Argument Calendar

_____

D. C. Docket No. 05-21371-CV-KMM

MORRIS WILLIAMS,

Plaintiff-Appellant,

versus

THE MIAMI-DADE POLICE DEPARTMENT,

Defendant,

DET. CARL BAASKE,
DET. MARCUS CAREY,
OFFICER JAMES MCINTOSH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2008)

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Morris Williams, proceeding *pro se*, appeals two district court orders: (1) the district court's order of dismissal for failure to state a claim against the Miami-Dade Police Department and (2) the district court's grant of summary judgment in favor of Detectives Carl Basske and Marcus Carey and Officer James McIntosh on William's 42 U.S.C. § 1983 civil rights complaint.

The district court construed Williams § 1983 claim as raising claims of false arrest and malicious prosecution. Williams named as defendants the following entity and employees: (1) the Miami-Dade Police Department ("MDPD"); (2) Detective Carl Baaske; (3) Detective Marcus Carey; and (4) Officer James McIntosh. On appeal, Williams argues that his Fourth Amendment rights were violated because Baaske initiated an illegal stop, search, and seizure. He also challenges the district court's dismissal of the MDPD as a party to his § 1983 suit; grant of summary judgment on his false arrest claim; and, grant of summary judgment on his malicious prosecution claim.

A district court's dismissal for failure to state a claim is reviewed "*de novo*, viewing the allegations in the complaint as true." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We review *de novo* a district court's grant of

2

summary judgment. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). "In making this determination, we view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Skop*, 485 F.3d at 1136 (internal quotation marks and citation omitted).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

"[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Bashir v. Rockdale County,* 445 F.3d 1323, 1327 (11th Cir. 2006) (citation omitted). "If the official was acting within the scope of his discretionary authority . . . the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity." *Skop*, 485 F.3d at 1136-37. "To overcome qualified immunity, the plaintiff must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly

established at the time of the alleged violation." *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). "[T]he two inquiries must be conducted in the proper order." *Skop*, 458 F.3d at 1137.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

## I.     Fourth Amendment

On appeal, Williams does not address the issue of whether the magistrate judge[1] failed to read his complaint as alleging a claim of unreasonable stop, search, and seizure. However, he does assert, as he has at every stage in the proceedings, that defendant Baaske fabricated probable cause. Moreover, beginning with his response to the defendants' motion for summary judgment, Williams has asserted that this fabrication violated his Fourth Amendment rights.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437

---

[1] Williams's instant case was assigned to a magistrate judge, who prepared a preliminary report after screening Williams's action for frivolity, maliciousness, and failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii). The magistrate's reports and recommendations were adopted and entered by the district court.

F.3d 1107, 1110 (11th Cir. 2006) (citation omitted).

A traffic stop is a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S. Ct. 1391, 1396, 59 L. Ed. 2d 660 (1979). "[A]n officer may conduct a brief, warrantless, investigatory stop of an individual when the officer has a reasonable, articulable suspicion that criminal activity is afoot, without violating the Fourth Amendment." *United States v. Hunter*, 291 F.3d 1302, 1307 (11th Cir. 2002). The officer conducting such a stop must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981). The officer must have "some minimal level of objective justification" taken from the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 7-8, 109 S. Ct. 1581, 1585, 104 L .Ed. 2d 1 (1989); *United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000).

Qualified immunity does not apply where a government official, sued in his individual capacity, engages in conduct that violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Bashir*, 445 F.3d at 1327. "[F]alsifying facts to establish probable cause is patently unconstitutional . . . ." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004); *see also Whiting v. Taylor*, 85 F.3d 581, 585 n.5 (11th Cir. 1996)

5

("Knowingly making false statements to obtain an arrest warrant can lead to a Fourth Amendment violation.").

Williams alleges that Baaske provided false information to Carey and McIntosh. In his complaint, Williams alleges that Baaske could not have observed him purchasing drugs because police reports demonstrate that Baaske was at five different locations during the one-hour time frame in which he claimed he was "eye-balling" the 98th Street and 21st Avenue residence.

Baaske has been forced to resign from the MDPD because he has filed false police reports and fraudulent documents and carried out other official misconduct. Baaske refused to comply when he was subpoenaed to appear at William's motion to suppress hearing. At his motion to suppress hearing, Williams argued, as he does here, that Baaske could not have observed him and that he was stopped on the basis of false information. The state suppressed the evidence and dismissed the charges against Williams on August 20, 2004.

In his reply to the defendant's motion for summary judgment, Williams asserted that his Fourth and Fourteenth Amendment rights were violated. He argued that the defendants' acts of stopping, detaining, searching, and arresting him were illegal and lacked probable cause. Additionally, Williams objected to the magistrate judge's report and recommendation on Fourth Amendment grounds.

6

A liberal construction of all of Williams's pleadings, including his initial brief to this Court, demonstrates that he raised an unreasonable stop, search, and seizure claim. Genuine issues of material fact exist as to whether defendant Baaske had a reasonable, articulable suspicion to order the stop, search, and seizure of Williams. Therefore, the magistrate judge and district court erred in failing to construe his complaint as raising a Fourth Amendment claim.

## II. Dismissal of MDPD

On appeal, Williams argues that the MDPD knew that defendants Baaske, Carey, and McIntosh had a propensity for malicious conduct, yet kept them employed, and the dismissal of the MDPD as a party was error because the MDPD conducted a "mock" interview in which defendants Carey and McIntosh were permitted to intimidate Williams.

"[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted) (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama). Under Florida law, police departments are not legal entities amenable to suit. *Masson v. Miami-Dade County.*, 738 So. 2d 431, 432 (Fla. App. 3d 1999) (noting that the MDPD lacks the

capacity to be sued under the Miami-Dade County Code § 2-91); *Fla. City Police Dep't. v. Corcoran*, 661 So. 2d 409, 410 (Fla. App. 3d 1995). Because the MDPD does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party.

## III. False Arrest

On appeal, Williams argues that the defendants are not entitled to qualified immunity on his false arrest claim because he was arrested without actual or arguable probable cause because the defendants fabricated the evidence against him.

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." *Kingsland*, 382 F.3d at 1226. "The existence of probable cause at the time of the arrest, however, constitutes an absolute bar to a section 1983 action for false arrest." *Id.* "When an arrest is made, it is reasonable for the arresting officer to search the person arrested. . . ." *Holmes v. Kucynda*, 321 F.3d 1069, 1082 (11th Cir. 2003) (internal quotation marks and citation omitted).

Florida and federal law have the same standard for determining whether probable cause exists. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). Probable cause to arrest exists when an arrest is objectively reasonable based on

the totality of the circumstances. *Id.* (citation omitted). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Kingsland*, 382 F.3d at 1226 (internal quotations omitted).

"[O]fficers who make an arrest without probable cause are entitled to qualified immunity if there was arguable probable cause for the arrest." *Id.* at 1232. Arguable probable cause exists if "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff. . . ." *Id.* (internal quotations omitted). Qualified immunity does not apply, however, where a government official engages in conduct that violates clearly established constitutional rights. *Bashir*, 445 F.3d at 1327. As we have already noted, "falsifying facts to establish probable cause is patently unconstitutional . . . ." *Kingsland*, 382 F.3d at 1232.

Florida's "fellow officer rule" states that, when an arresting officer was absent for a significant portion of events giving rise to probable cause, the arresting officer may rely upon his fellow officer's judgment about probable cause. FLA.

STAT. ANN. § 901.18; *see, e.g.*, *Voorhees v. State*, 699 So. 2d 602, 609 (Fla. 1997) (per curiam) (explaining that the fellow officer rule "allows an arresting officer to assume probable cause to arrest a suspect from information supplied by other officers").

Regardless of whether Baaske falsified evidence against Williams, there is no evidence that Carey and McIntosh knew that Baaske's representations might be false. Thus, under Florida's "fellow officer rule," Carey and McIntosh were justified in relying on the information provided by Baaske. As such, the district court did not err in granting summary judgment to McIntosh and Carey on Williams's false arrest claim.

## IV. Malicious Prosecution

In order "[t]o establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland*, 382 F.3d at 1234. The common law tort of malicious prosecution includes the following six elements under Florida law:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of

10

the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.*

"In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted." *Id.* at 1235. The existence of probable cause is measured, therefore, at the time the original judicial proceeding is commenced, and not at the time of arrest. *Id.* Defendants to a malicious prosecution claim under § 1983 are entitled to qualified immunity if the plaintiff is unable to show that they acted without probable cause. *Wood v. Kesler*, 323 F.3d 872, 882-83 (11th Cir. 2003) (explaining in relation to a malicious prosecution claim that, where actual probable cause existed, there is no Fourth Amendment violation, and qualified immunity applies).

"It is well settled that in an action to recover damages for malicious prosecution where . . . the evidence is in dispute, the existence or non-existence of malice and want of probable cause are questions of fact for the jury." *Kingsland*, 382 F.3d at 1235 (internal quotation marks and citation omitted). Therefore, where the legitimacy of the evidence is challenged, "the fourth and fifth elements for the common law tort of malicious prosecution are rightly reserved for the jury." *Id.*

On appeal, Williams supports his malicious prosecution claim by arguing the following: (1) that Baaske was the legal cause of the original proceeding; (2) that

11

where evidence is in dispute, the existence of probable cause and malice are questions for the jury; and, (3) that the district court erred in finding that the defendants were immune from the consequences of their actions leading up to his arrest, prosecution, and imprisonment.

### a. Baaske and the Drug-purchase Charges

### i. Legal Cause of the Original Proceeding

The district court held that Baaske was not the legal cause of the original proceedings, and that therefore, Williams had not satisfied the second element of a common law malicious prosecution claim. We disagree.

Although we have held that defendant police officers were not the legal cause of the original proceeding where there was no evidence that they had anything to do with the decision to prosecute or that they had "improperly influenced" that decision, such is not the case here. *Eubanks v. Gerwn*, 40 F.3d 1157, 1160-61 (11th Cir. 1994). In *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989), we explained that, in the context of a false arrest, "[t]he intervening acts of the prosecutor, grand jury, judge and jury - assuming that these court officials acted without malice that caused them to abuse their powers - each break the chain of causation unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen."

12

Williams alleges that Baaske fabricated the evidence that was the basis of the prosecution against him. Additionally, Williams has provided evidence raising a genuine issue of material fact as to whether his arrest was the "result of deception . . . by the defendant . . . ." *Id.* Moreover, it is apparent from the record of Baaske's deposition, taken in the underlying criminal case, that the State Attorney was relying on information provided by Baaske in his prosecution of Williams.

We recently held in *Eloy v. Guillot*, No. 07-13818, manuscript op. at 1-2, 4-5 (11th Cir. July 11, 2008) that a plaintiff established a § 1983 claim where the police officer responsible for his arrest allegedly fabricated evidence against him. Williams's malicious prosecution claim against Baaske is based upon Baaske's alleged act of fabricating evidence, which resulted in the prosecutor being presented with false and misleading evidence. Therefore, Williams satisfied the common law element that Baaske was the legal cause of the original prosecution. The district court erred by holding that Williams had not satisfied the second element of a malicious prosecution claim in his claim against Baaske.

### ii. Probable Cause for the Drug-purchase Charges

Where challenges to the legitimacy of the relevant evidence exist, the question of whether there was an absence of probable cause is a question rightly reserved for the jury. *Kingsland*, 382 F.3d at 1235. Genuine issues of material

13

fact exist as to the legitimacy of the relevant evidence regarding Baaske's alleged observation of Williams that was the basis of Williams's prosecution on the purchase charges. The district court erred in granting summary judgment on the issue of probable cause in Williams malicious prosecution claim against Baaske.

**b. McIntosh and Carey and the Kilogram of Cocaine and Drug-purchase Charges**

In contrast, McIntosh and Carey had probable cause for their support of the charges against Williams arising out of Baaske's representations. McIntosh and Carey are entitled to qualified immunity for claims arising out of Williams' possession of a kilogram of cocaine and claims arising out of Williams' alleged drug purchase. There is no evidence that either McIntosh or Carey had reason to doubt the validity of Baaske's representations, either when they arrested Williams or at the initiation of Williams' prosecution. It is undisputed that a kilogram of cocaine was actually discovered in the car. Similarly, it is undisputed that McIntosh and Carey received information from Baaske conveying Williams' description and informing them that he had purchased unspecified drugs. Therefore, we affirm the district court's holding that McIntosh and Carey are entitled to qualified immunity with regards to Williams' prosecution for possession of a kilogram of cocaine and drug purchase.

14

### c. McIntosh and Carey and the Baggies of Marijuana and Cocaine

However, the district court erred by granting summary judgment in favor of McIntosh and Carey on charges arising out of Williams' alleged possession of four baggies of marijuana and one baggie of cocaine.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "In making this determination, we 'view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant.'" *Skop*, 485 F.3d at 1136 (citations omitted).

The district court incorrectly found that Williams failed to allege in his complaint that he did not have baggies of drugs on him. The district court also erred when it accepted the defendants' statements that they found drugs on Williams. The district court erred by rejecting Williams' sworn statements. When the facts are viewed in the light most favorable to Williams, there are genuine issues of material facts as to whether he possessed the baggies of drugs. Consequently, there are genuine issues of material fact as to whether McIntosh and Carey had probable cause to support the prosecution of Williams for their possession.

Williams's dispute as to possession raises a challenge to the legitimacy of McIntosh and Carey's probable cause to support the prosecution. The district court therefore erred in granting summary judgment on this claim.

### d. Malice

Genuine issues of material fact exist as to whether Baaske, Carey, and McIntosh had probable cause relating to the prosecution of Williams for the purchase and possession of marijuana and cocaine. There is a dispute in the record regarding the legitimacy of the evidence that formed the basis of the prosecution. Therefore, there is also an issue of material fact regarding whether they acted with malice. Like the issue of probable cause, the issue of malice is properly reserved for the jury. *Kingsland*, 382 F.3d at 1235.

### e. Fourth Amendment Seizure

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Id*. at 1234. Williams was arrested on May 9, 2002, and incarcerated until May 28, 2002, at which time he was released on $100,000 bond. The record shows that his bond was revoked at some point, and the criminal case against him was dismissed on August 20, 2004. Williams therefore satisfied the second prong

16

of a malicious prosecution claim by suffering a Fourth Amendment seizure. *Id.*

## CONCLUSION

Upon review of the record and the parties' briefs, we discern reversible error in part.

The district court failed to liberally construe Williams's complaint as alleging against defendant Baaske a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. We reverse as to this issue.

Next, the district court properly dismissed the MDPD as a party to Williams's § 1983 action because the MDPD is not a legal entity subject to suit. We affirm as to this issue.

With regards to the false arrest claim, McIntosh and Carey justifiably relied on information from a fellow officer in arresting Williams, thereby acting with arguable probable cause; thus, they maintain qualified immunity from Williams' false arrest claim. We affirm as to this issue.

With regards to the malicious prosecution claim: (1) the district court erred in granting summary judgment on the malicious prosecution claim as it relates to Baaske and the drug-purchase charges, and McIntosh and Carey and the baggies of marijuana and cocaine possession charges; but (2) the district court did not err with

17

regard to McIntosh and Carey as they relate to both the kilogram of cocaine possession and trafficking charges, and all of the drug-purchase charges. We affirm in part, but reverse in part.

**AFFIRMED in part; VACATED and REMANDED in part.**