[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10631

Non-Argument Calendar

_____

MICHAEL WAYNE HILL,

Plaintiff-Appellant,

*versus*

ESCAMBIA COUNTY SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cv-05814-LC-HTC

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Wayne Hill, proceeding *pro se*, appeals following the district court's dismissal of his 42 U.S.C. § 1983 complaint for "spoilation of evidence" against, among others, the Escambia County Sheriff's Office (the "Sheriff's Office").[1]  For the following reasons, we affirm the district court's dismissal of Hill's complaint and denial of his post-judgment filings and dismiss the portion of his appeal over which we have no jurisdiction.

## I.

In his complaint, Hill alleged that he went to the Sheriff's Office in an attempt to gather "important documents," but he was "finding deviations of reality," preventing him from obtaining his documents.  Although Hill paid the requisite filing fee, a magistrate judge, prior to service of process, screened Hill's complaint *sua sponte* and issued a report recommending that it be dismissed.  The magistrate judge found that Hill's complaint was "patently frivolous," lacked "legal or factual support or basis in reality," failed to plead a viable claim of action, and could not be cured by amendment.  Hill filed largely nonresponsive objections to the magistrate

---

[1] Hill also named the Florida Governor's Office and the United States Department of Justice as defendants in his complaint.  To the extent they are proper parties to this action, we conclude that Hill's claims against them fail as well and merit no further discussion.

judge's report.  Accordingly, the district court adopted the report, overruled Hill's objections, and dismissed his complaint without prejudice and entered a judgment to this effect.

Following the dismissal, Hill filed several post-judgment motions and asserted, among other things, a right to amend or correct his complaint, the district court denied certain post-judgment motions Hill filed as moot, noting that Hill's complaint was dismissed and the case was closed.  This appeal ensued.

## II.

We normally review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007).  While our standard of review for the district court's *sua sponte* dismissal pursuant to Rule 12(b)(6) is "less clear," we have nonetheless applied *de novo* review when such dismissal is not prohibited. *See id.* at 1057.

When a party fails to object to a magistrate judge's findings or recommendations contained in a report and recommendation, he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1.  Under the circumstances, we may review a claim on appeal only "for plain error if necessary in the interests of justice." *Id.*  We also review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  We may affirm a district court's judgment on any

basis supported by the record. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

While we liberally construe *pro se* pleadings, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  An appellant abandons a claim by: (1) making only passing reference to it; (2) raising it in a perfunctory manner without supporting arguments and authority; (3) referring to it only in the "statement of the case" or "summary of the argument"; or (4) the references to the issue are mere background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).  Further, if the district court's order rested on two or more independent, alternative grounds, the appellant must challenge all of the grounds to succeed on appeal. *Id.* at 680.  Thus, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

### III.

On appeal, Hill argues that the district court erred in dismissing his complaint without first giving him a chance to amend it.[2]

---

[2] During the pendency of this appeal, Hill filed an additional post-judgment motion in the district court, which the district court denied.  Hill, however, did not file a new notice of appeal designating that denial.  Therefore, we

We also note that, during the course of his filings, Hill has asserted a violation of his rights under: (1) the Violent Crime Control and Law Enforcement Act of 1994, codified in relevant part at 18 U.S.C. § 4042; (2) the Fourth Amendment of the United States Constitution; and (3) 18 U.S.C. § 1001. We set forth the relevant legal standards before addressing these issues.

We prohibit *sua sponte* dismissals for failure to state a claim when: (1) the defendant has not answered and the plaintiff still had the right to amend pursuant to Federal Rule of Civil Procedure 15; (2) the plaintiff brought his claim in good faith; and (3) the district court failed to provide the plaintiff notice of its intent to dismiss the complaint or offer the plaintiff an opportunity to respond. *Am. United*, 480 F.3d at 1057. However, "[t]here is an exception to [the] general rule against dismissal without notice if the complaint is patently frivolous or if 'reversal . . . would be futile.'" *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001)).

We have held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action *with prejudice*." *Bank v. Pitt*, 928 F. 2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (*en*

---

dismiss in part the instant appeal for lack of jurisdiction to the extent Hill seeks to challenge that ruling.

banc); *accord Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). However, the court need not grant leave to amend the complaint when further amendment would be futile. *Silberman*, 927 F.3d at 1133.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Mere negligence, however, is not enough to establish liability under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Likewise, *respondeat superior* cannot serve as the basis for liability, even if a defendant has employed a tortfeasor. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipalities and other governmental units are included among "persons" to whom § 1983 applies. *Id.* at 690. However, in the context of county departments, the question hinges on whether such department is a legal entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Generally, sheriff's departments are not considered legal entities subject to suit, but that determination is dictated by state law. *Id.* Under Florida law, police departments lack the legal capacity to be sued. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995). However, individual county sheriffs or officers are persons subject to suit in their individual capacities under § 1983. *See Dean*, 951 F.2d at 1215 n.5.

The Violent Crime Control and Law Enforcement Act of 1994, codified in relevant part at 18 U.S.C. § 4042, directs the

Director of Federal Bureau of Prisons to give written notice of the release or change of residence of a federal prisoner to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside. 18 U.S.C. § 4042(b). Notice concerning a change of residence following release shall be provided by the probation officer responsible for the supervision of the released prisoner, or in a manner specified by the Director of the Administrative Office of the United States Courts. *Id.* Nevertheless, the law does not expressly provide individuals with a private right of action in the event that this does not occur. Section 4042(c)(5) expressly provides that "[t]he United States and its agencies, officers, and employees shall be immune from liability based on good faith conduct in carrying out" subsections (b) and (c).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

Title 18 U.S.C. § 1001 prohibits, among other things, knowingly and willfully falsifying material facts, making materially false statements, or making or using false documents that contain fraudulent statements "in any matter within the jurisdiction of . . . the Government of the United States. 18 U.S.C. § 1001(a).

Under Federal Rule of Civil Procedure 59(e), a party may ask a district court to reconsider an earlier ruling. A Rule 59(e) motion must be based upon "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). It may not be used to relitigate old matters or raise argument or

8                        Opinion of the Court                     21-10631

present evidence that could have been raised prior to the initial entry of judgment.  *Id.*

Here, Hill's appeal fails for several reasons.[3]  First, Hill does not directly challenge the magistrate judge's conclusions in the report, which was adopted by the district court, i.e., that his complaint was patently frivolous nor that any amendment would be futile.  He has thus abandoned any argument as to those grounds on which the district court dismissed his complaint without prejudice, *Sapuppo*, 739 F.3d at 681–82, and we can affirm on that basis, *Big Top Koolers*, 528 F.3d at 844.  And we note that Hill does not contend that the report and recommendation process failed to provide him proper notice and opportunity to respond.

Second, even if we assume for the sake of argument that such challenge was not abandoned, Hill has not substantively shown plain error as to each conclusion of the magistrate judge's report, which was adopted by the district court.  *Id.*; 11th Cir. R. 3-1.  For example, Hill has not shown how any of the alleged statutory or constitutional bases for his claim he has raised after the filing of his complaint—18 U.S.C. § 4042, the Fourth Amendment, or

---

[3] We conclude that, to the extent that Hill challenges the denial of his last post-judgment motion in July 2021, for which he did not file an amended notice of appeal, we do not have jurisdiction. *Smith v. Barry*, 502 U.S. 244, 248 (1992) (holding the timely filing of a notice of appeal in a civil case is a jurisdictional requirement); *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 660–61 (11th Cir. 1998) (noting a notice of appeal must designate an existent judgment or order).  Accordingly, we dismiss Hill's appeal in this respect.

21-10631              Opinion of the Court              9

18 U.S.C. § 1001—are related or applicable to the facts he alleged in his complaint, further confirming the conclusion that any amendment would be futile. *See Tazoe*, 631 F.3d at 1336; *see also Silberman*, 927 F.3d at 1133. As such, the district court did not err in dismissing Hill's complaint without prejudice *sua sponte* and without allowing Hill an opportunity to amend.

## IV.

Accordingly, we affirm the district court's dismissal of Hill's complaint and denial of his post-judgment filings and, as noted above, dismiss the portions of his appeal over which we have no jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART.**