[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10034

Non-Argument Calendar

_____

ANTONIO R. DAVIS,

Plaintiff-Appellant,

*versus*

FORT LAUDERDALE POLICE DEPARTMENT (INTERNAL AFFAIRS),
MARDIE LEVEY COHEN,
(Judge),
CHARLES M. GREENE,
(Judge),
HENRI SAINT JEAN,
#1647,
LUC VAVAL,

#2065, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-60769-RS

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Antonio Davis appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint against the Fort Lauderdale Police Department ("FLPD"), several officers and employees of the FLPD, and two state court judges for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and as deficient under Fed. R. Civ. P. 8(a) and denying his motion to proceed *in forma pauperis*. Davis argues on appeal that the district court erred in dismissing his complaint for failure to state a claim and abused its discretion in dismissing his complaint as deficient under Rule 8(a).

We review a district court's dismissal of an *in forma pauperis* action for failure to state a claim under § 1915(e)(2)(B)(ii) using the same standard as when reviewing a dismissal under Fed. R. Civ. P. 12(b)(6), that is, *de novo* and viewing the allegations

in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We review dismissals under Fed. R. Civ. P. 8(a)(2) under the abuse-of-discretion standard. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). We give "liberal construction to the pleadings of *pro se* litigants, [but] 'we nevertheless [require] them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

When a plaintiff proceeds *in forma pauperis*, the district court "shall dismiss the case at any time if [it] determines that" the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is within "the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2)." *Weiland*, 792 F.3d at 1320. A dismissal under Rule 8(a)(2) "is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

"Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007). A police department generally is not a legal entity that is subject to suit under § 1983, but capacity to be sued is determined by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Under Florida law, a police department does not have the capacity to be sued. *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d Dist. Ct. App. 1995). Moreover, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2002) (internal quotation marks omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

However, "if a more carefully drafted complaint could not state a claim . . . , dismissal with prejudice is proper." *Id.* A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is a dismissal on the merits and with prejudice. *White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020), *receded from on other grounds by Wells v. Brown*, 58 F.4th 1347 (11th Cir. 2023).

Here, we conclude that the district court did not err in dismissing Davis's complaint for failure to state a claim, and it did not abuse its discretion in dismissing it as deficient under Fed. R. Civ. P. 8(a). But we conclude that the district court did err by dismissing Davis's complaint with prejudice without first providing him an opportunity to amend as to all defendants except for the Fort Lauderdale Police Department itself and Judges Mardi Cohen and Charles Greene because police departments are not subject to suit under § 1983, and judges are entitled to absolute immunity while acting in their judicial capacity.

We thus affirm the district court's order dismissing the complaint with respect to defendants FLPD, Judge Greene and Judge Davis, but vacate and remand for further proceedings with respect to all other defendants.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**